Nelsost, J.,
delivered the opinion of the Court.
The motion to dismiss the writ of error in this case is overruled. The oath of the plaintiff “that she is entitled to have this cause and the judgment against her in the Circuit Court of Greene county, reversed, and that the amount of said judgment is within the jurisdiction of the Court/’ is a substantial compliance with the form prescribed in the Code, § 3192,'
But the prosecution bonds, executed in the Court below, on the 25th of .February, 1860, when this action of replevin was commenced, and under rule of the Court in the progress of the cause, on the 13th of February, 1861, are for costs only, and do not meet the requirements of the Code, which explicitly directs that the bond shall be in double the value of the property, payable to the defendant, and conditioned to be void if the plaintiff abide by and perform the judgment of the Court in the premises. § 3377. In all such cases, this is indispensable to render the security liable for anything more than costs, and extraordinary powers are given to the Court to remedy the defect. § 3392. As the action oí replevin, either before a Justice or in the Circuit Court, is a summary proceeding, and the possession of the property in dispute may be transferred from, one party to the other, at the commencement of the suit, we can not too strongly reprehend the practice which seems to prevail of neglecting to require the full security directed by the Statute. This is more important where the writ is- issued by a Justice than by a Clerk, as a *309 remedy is given against the latter by section 3393, but no express remedy is given against the former; and in many cases the property of the true owner may be taken from him without any effectual redress.
Although the bonds in this ease; were for costs only, there is no error in the judgment rendered against the plaintiff by the Circuit Court. At the October Term, 1865, a rule was obtained against her, upon the affidavit of the defendant, to give other and better security, on or before the second 'day of the next term. While the usual form in such an order is to allow the party to justify or give new security, the order may be made in either form, under the Code, section 3191, which provides that "any person required by law to give security for costs, may, at any stage of the case, be ruled to give such security, if it has not previously been done, or to justify or give new security on sufficient cause shown.” If the plaintiff desired to pursue the latter alternative, she could have appeared in obedience to the notice served upon her, and might have offered to justify her security, but did not do so. The rule was made absolute at the succeeding term, and the further decision of the case suspended — the word “pending” used in the record being evidently a mistake. At the next term it was ordered that the defendant recover of the plaintiff the damages he had sustained, and it was directed that, at the succeeding term, a jury should come to enquire thereof. A jury was impanneled and sworn accordingly, and judgment rendered declaring that defendant is entitled to possession of the horse if he may be> had, with damages for his detention and costs, and, if he may nor be had, then *310 against the plaintiff and her security, without naming him, for the value of the horse, with interest thereon, damages for detention, and costs. The surety is not before this Court, and no action can be taken here for his relief, but, as to the plaintiff, the judgment is not erroneous, and might have been rendered without any prosecution bond whatever. She failed to prosecute her suit; and without any reference to such bond, it is provided in the Code, that, “if the issue is found for the defendant, or the plaintiff dismisses or fails to prosecute his suit, the judgment shall be that the goods be returned to defendant, or on failure, that the defendant recover their value with interest thereon, and damages for the detention; the value of the property and the damages to be assessed by the jury trying the cause, or where the plaintiff fails to prosecute by a jury impanneled for the purpose,” 3390. The record shows that in obedience to the mandate of the writ, the sheriff took the horse out of defendant’s possession, and delivered him to the plaintiff; and, so far as she is concerned, the judgment is affirmed.